# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **Bankruptcy Case** 09-10864 (BKT) |
| **Vicky Rodríguez Torres** | |
| Debtor | CHAPTER 7 |
| **Government Development Bank of Puerto Rico** | **Adversary Proc.** 10-00139 (BKT-7) |
| Plaintiff | |
| v. | **Nondischargeability under 11 U.S.C. §523(a)(6) for willful and malicious injury** |
| **Vicky Rodríguez Torres** | |
| Defendants | |

## STATEMENT OF MATERIAL FACTS

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, the Governmental Development Bank of Puerto Rico (hereinafter referred to as "GDB"), through the undersigned counsels, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7.1 and 56(b), hereby submits its Statement of Material Facts in support of its Motion for Summary Judgment filed on this same date:

A.      <u>The Rodríguez I Case</u>

1.      On February 13, 2009, Vicky Rodríguez and her non-debtor husband, Luis Maldonado, filed a Complaint before the U.S. District Court for the District of Puerto Rico against the GDB, Javier Ramos, Angel Pérez, Jorge Irizarry, Luis Alfaro, Marine Comas, Naphis Torres, Edgardo Rodríguez and Chartis Insurance Company, alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Puerto Rico Law 100 ("Law 100") of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 151, *et seq.*; sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, Law 100, and Puerto Rico Law

69 ("Law 69") of July 6, 1985, P.R. Laws Ann. tit. 29, § 1321 *et seq*.; discrimination under the Lilly Ledbetter Fair Pay Act of January 29, 2009 ("Lilly Ledbetter"); and deprivation of rights under 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs also claimed compensation pursuant to Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141 and violation of Plaintiff Rodríguez's rights to privacy and dignity under the provision of Article II, sections 1, 8, and 16 of the Constitution of the Commonwealth of Puerto Rico. See U.S.D.C. P.R. Civil Case No. 09-1151 (JP) (hereinafter referred to as "Rodríguez I"), Dkt. 1.

2. After various procedural hurdles, on January 21, 2010 [without knowledge of the bankruptcy filing], the GDB and the individual defendants filed separate motions for summary judgment. See Rodríguez I, Dkt. Nos. 243-246.

3. On February 23, 2010, the U.S. District Court, Judge Pieras presiding, granted defendants' motions for summary judgment and entered judgment dismissing with prejudice Plaintiffs' federal claims against all Defendants and dismissing without prejudice Plaintiffs' state claims.[1] See Rodríguez I, Dkt. Nos. 266-267.

4. On March 9, 2010, the GDB filed a request for attorneys' fees against Plaintiffs in the Rodríguez I case pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, Section 1927 of Title 28 of the United States Code and Local Rule 54(a), for the amount of $41,416.25.

---

[1] Plaintiffs appealed the judgment to the U.S. Court of Appeals for the First Circuit. The Appeal was docketed by the U.S. Court of Appeals for the First Circuit as Appeal No. 10-1441. However, on July 19, 2010, the U.S. Court of Appeals issued an order holding the case in abeyance until "Plaintiffs ... inform the court why they have standing to pursue this appeal in light of plaintiff Rodríguez bankruptcy filing and the appointment of a Chapter 7 trustee who has not released the case back to her. See Spelinhauer v. O'Donnell, 261 F.3d 113, 118 & n.5 (1st Cir. 2001)(noting that debtor's cause of action belongs to Chapter 7 estate, and that trustee, as opposed to debtor, possesses standing to pursue action); DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins., 448 F.3d 460, 463-64 (1st Cir. 2006)(noting that, upon abandonment by trustee, interest in cause of action reverts back to debtor)." The Court of Appeals specifically noted that "Plaintiff did not inform our court, nor to our knowledge have plaintiffs informed the district court, of Plaintiff Rodríguez' bankruptcy." A copy of the Order issued by the Court of Appeals on July 19, 2010 is attached hereto as Exhibit B.

Specifically, Defendants argued that they were entitled to attorneys' fees in said amount because of Plaintiffs' conduct in relation to certain discovery motions, Plaintiffs' wage discrimination claims, Plaintiffs' Section 1983 claims, and Plaintiffs' claims against the individual Defendants. See Rodríguez I, Dkt. No. 272.

5. GDB's request for attorneys' fees was unopposed by Plaintiffs. See Rodríguez I, legal docket report.

6. On April 12, 2010, the U.S. District Court granted GDB's motion requesting attorneys' fees, and instructed Plaintiffs, including Debtor, to "pay said attorneys' fees on or before May 10, 2010." See Rodríguez I, Dkt. No. 278; Exhibit A.

7. In so holding, the court found the following:

    1. Electronic Discovery

...
After considering the arguments, the Court determines that Defendants are entitled to recover attorneys' fees incurred in dealing with electronic discovery issues. Plaintiffs had the opportunity to request electronic discovery at the Federal Rule of Civil Procedure 26(f) Conference and at the Initial Scheduling Conference ("ISC"), but failed to do so. (No. 169). Instead, Plaintiffs, as discussed above, later brought various motions that the Court found lacked foundation. As a result of said motions, Defendants had to waste time and effort to oppose the motions, and Plaintiffs unnecessarily and unreasonably multiplied the proceedings. Accordingly, the Court finds that Defendants are entitled to attorneys' fees for the motions related to electronic discovery.

    2. Written Discovery

...
Based on these separate incidents, Defendants move for the Court to order Plaintiffs to pay Defendants' attorneys' fees. After considering the arguments, the Court finds that Defendants are entitled to attorneys' fees. Plaintiffs' behavior during the aforementioned instances was at the very least unreasonable. In every one of said instances, Plaintiffs had a clear duty to provide Defendants with the information requested. Plaintiffs ignored that duty and, as a result, delayed the proceedings and increased the costs of litigation by forcing Defendants to file several motions. Furthermore, Plaintiffs behavior of hiding information, such as her previous lawsuits and the doctors who had previously treated her, is inexcusable and directly

contradicts the goals of the Federal Rule of Civil Procedure. Accordingly, the Court finds that Defendants are entitled to atttorneys' fees for the written discovery discussed in this section.

    3.    Third-Party Subpoenas

...

The Court agrees with Defendants. The ISC Order was clear that no further discovery could be conducted without leave of the Court. Plaintiffs unreasonably disregarded the Court's Order and issued the unauthorized subpoenas. As such, Defendants are entitled to receive attorneys' fees from Plaintiffs for the work done related to the unauthorized subpoenas.

    4.    Motion in limine

...

After considering the argument, the Court finds that Plaintiffs should pay for the attorneys' fees incurred by Defendants in relation to said motion. In the Order resolving the motion, the Court found that Plaintiffs' motion was without foundation and, as such, an award of attorneys' fees is warranted.

    B.    Wage Discrimination Claims

The Court agrees. Plaintiffs' failure to even attempt to present evidence of their wage discrimination claims shows that the claim was completely baseless. Accordingly, the Court finds that Defendants are entitled to attorneys' fees for the wage discrimination claims.

    C.    Section 1983

After considering the arguments raised by Defendants, the Court finds that Defendants are entitled to attorneys' fees for the Section 1983 claims. Plaintiffs brought Section 1983 claims and again failed to provide any evidence to support said claims. Plaintiffs failure to even present evidence as to their Section 1983 claims shows that the claims were frivolous.

    D.    Claims Against Individual Defendants

After considering the arguments, the Court finds that Defendants are entitled to attorneys' fees incurred in defending the ADEA and Title VII claims brought against the individual Defendants. As established in the Opinion and Order, the ADEA and Title VII do not provide for individual liability. Moreover, Plaintiffs failed to even oppose the arguments put forth by Defendants in their motion for summary judgment. As such, the Court finds that Plaintiffs claims against individual Defendants were frivolous.

See Rodríguez I, Dkt. 278; Exhibit A.

8.  On May 4, 2010, Rodríguez filed a Motion to Vacate the April 12, 2010 Opinion and Order under Rule 59(e) of the Federal Rules of Civil Procedure. See Rodríguez I, Dkt. No. 281.

9.  On May 10, 2010, the GDB opposed Rodríguez' Motion to Vacate. See Rodríguez I, Dkt. No. 283.

10. On that same day, before waiting for the Court to decide their Rule 59 (e) request, Plaintiffs themselves and their counsel in their personal capacities appealed the U.S. District Court's April 12, 2010 Opinion and Order granting Defendants Motion for Attorneys' Fees. See Rodríguez I, Dkt. Nos. 285-285.

11. On May 10, 2010, Plaintiffs and their attorneys filed separate Notices of Appeal in connection to the District Court's award of attorneys' fees to Defendants in the amount of $41,416.25. See Rodríguez I, Dkt. No. 278. These appeals were docketed by the United States Court of Appeals for the First Circuit as Nos. 10-1709 and 10-1713 and are currently being held in abeyance pursuant to Appellate Rule 4, pending the District Court's disposition of the Rule 59(e) motion. See Exhibit B.

12. Despite the fact that the parties were actively involved in litigation and exchanging motions for summary judgment and for sanctions, the District Court nor the Defendants were aware that Plaintiff Rodríguez had filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code.[2]

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 18th day of October 2010.

CERTIFICATE OF SERVICE.

---

[2] GDB became aware of the bankruptcy petition on or about May 23, 2010, when GDB was notified of the Trustee's Report of No Distribution. See Dkt. 42 of Case No. 09-10864 (BKT 7).

IT IS HEREBY CERTIFIED that on this same date, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants, and caused it to be served on the next business day via a third party court authorized noticing provider BK Attorney Services to: William Meléndez, Esq., 410 Park Avenue 15th Floor #1223, New York, NY 10022.

| | |
|---|---|
| **SCHUSTER AGUILÓ LLP** | **SONIA COLÓN LAW OFFICES, P.A.** |
| PO Box 363128 | P.O. Box 621597 |
| San Juan, Puerto Rico 00936-3128 | Orlando, Florida 32862-1597 |
| Tel: (787) 765-4646; Fax: (787) 765-4611 | Telephone: 407-574-8272 |
| | Facsimile: 888-537-4536 |
| | |
| **s/ Andrés C. Gorbea Del Valle** | **s/ Sonia E. Colón** |
| **Andrés C. Gorbea Del Valle** | **SONIA E. COLÓN** |
| USDC PR No. 226313 | USDC PR No. 213809 |
| agorbea@salawpr.com | sonia@soniacolonlaw.com |