EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICKY RODRÍGUEZ-TORRES, et al.,

        Plaintiffs

        v.

GOVERNMENT DEVELOPMENT BANK OF
PUERTO RICO, et al.,

        Defendants

CIVIL NO. 09-1151 (JP)

## OPINION AND ORDER

Before the Court is Defendants' motion (**No. 272**) requesting attorneys' fees. Said motion is unopposed. For the reasons stated herein, Defendants' motion is hereby **GRANTED**.

## I.   PROCEDURAL BACKGROUND

By way of background, Plaintiffs Vicky Rodríguez ("Rodríguez") and Luis Maldonado ("Maldonado") filed the instant case on February 17, 2009 against Defendants Government Development Bank of PR ("GDB"), Javier Ramos, Ángel Pérez, Enid López, Jorge Irizarry, Luis Alfaro, Marine Comas, Naphis Torres, Edgardo Rodríguez and Chartis Insurance Company. In their complaint, Plaintiffs alleged age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Puerto Rico Law 100 ("Law 100") of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 151 *et seq.*; sex discrimination under Title VII of the Civil Rights

CIVIL NO. 09-1151 (JP)          -2-

Act of 1964, 42 U.S.C. § 2000e-5, Law 100, and Puerto Rico Law 69 ("Law 69") of July 6, 1985, P.R. Laws Ann. tit. 29, § 1321 *et seq.*; discrimination under the Lilly Ledbetter Fair Pay Act of January 29, 2009 ("Lilly Ledbetter"); and deprivation of rights under 42 U.S.C. § 1983 ("Section 1983").   Plaintiffs also claimed compensation pursuant to Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141 and violation of Plaintiff Rodríguez's rights to privacy and dignity under the provision of Article II, sections 1, 8, and 16 of the Constitution of the Commonwealth of Puerto Rico.

On January 21, 2010, Defendants filed two motions for summary judgment (Nos. 243 and 245).  Plaintiffs only opposed one of the two motions for summary judgment (No. 259).  After considering all the arguments and evidence before it, the Court dismissed with prejudice Plaintiffs' federal law claims and dismissed without prejudice Plaintiffs' Puerto Rico law claims (Nos. 266 and 267).

Defendants then brought the instant motion requesting imposition of attorneys' fees as provided by the "American Rule" and 28 U.S.C. § 1927 ("Section 1927").

## II.   LEGAL STANDARD

### A.   American Rule

Generally, a prevailing party is prohibited from requiring the losing party to pay for attorneys' fees unless there is a statute or enforceable contract providing for attorneys' fees.   Fleischmann

CIVIL NO. 09-1151 (JP)          -3-

Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967).

However, a prevailing party may be entitled to attorneys' fees in the

absence of a statutory provision or a contract when the losing party

has "acted in bad faith, vexatiously, wantonly, or for oppressive

reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)

(quoting F.D. Rich Co. v. United States ex rel. Industrial Lumber

Co., 417 U.S. 116, 129 (1974)). A losing party has acted vexatiously

when its actions were "frivolous, unreasonable, or without

foundation, even though not brought in subjective bad faith."

Christiansburg Garment Co. v. Equal Employment Opportunity

Commission, 434 U.S. 412, 421 (1978); Local 285, Service Employees

International Union, AFL-CIO v. Nonotuck Resource Associates,

64 F.3d 735, 737-38 (1st Cir. 1995) (citing Washington Hosp. Ctr. v.

Service Employees International Union, 746 F.2d 1503, 1510

(D.C. Cir. 1984)).

### B.   Section 1927

Section 1927 states:

> Any attorney or other person admitted to conduct cases in
> any court of the United States or any Territory thereof
> who so multiplies the proceedings in any case unreasonably
> and vexatiously may be required by the court to satisfy
> personally the excess costs, expenses, and attorneys' fees
> reasonably incurred because of such conduct.

28 U.S.C. § 1927. A finding of bad faith is not required for the

imposition of sanctions under this statute. Cruz v. Savage,

896 F.2d 626, 631-32 (1st Cir. 1990). In fact, "[t]he attorney need

CIVIL NO. 09-1151 (JP)          -4-

not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned.  It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a serious and studied disregard for the orderly process of justice."  Id. at 632 (internal quotations omitted).

## III. **ANALYSIS**

In the instant case, Defendants argue that they are entitled to attorneys' fees in the amount of $41,416.25 because of Plaintiffs' conduct in relation to certain discovery motions, Plaintiffs' wage discrimination claims, Plaintiffs' Section 1983 claims, and Plaintiffs' claims against individual Defendants.  The Court will now consider Defendants' arguments.

### A.   **Discovery**

In regard to discovery, Defendants are requesting attorneys' fees related to work done in relation to electronic discovery, written discovery, third-party subpoenas, and a motion *in limine*.

#### 1.   **Electronic Discovery**

Defendants request that the Court award them attorneys' fees for the work related to Plaintiffs' motions: (1) for a preservation and litigation hold (No. 135); and (2) to compel discovery (Nos. 160 and 164).  The motion for a preservation and litigation hold accused Defendants of spoliation of evidence.  After considering the

CIVIL NO. 09-1151 (JP)          -5-

arguments, the Court denied the motion for a preservation and litigation hold (No. 169) finding Plaintiffs' contention of spoliation meritless.

In dealing with the motions to compel, the Court found that the parties had failed to provide it with sufficient information to solve the disputes before it and, as such, ordered the parties to submit a joint informative motion with the information necessary for the Court to resolve the motions to compel (No. 179). The parties complied with said Order (No. 198). After considering all the arguments and evidence before it, the Court denied the motion and found that Plaintiffs had failed to show good cause because there was no basis for believing that the discovery requested would lead to finding the evidence that Plaintiffs' claimed they would find (No. 237). Even after the Court's Order, Defendants filed additional motions to vacate the Court's Order on the motions to compel (No. 252) and to continue (No. 253). The Court denied said motions (Nos. 254 and 255).

After considering the arguments, the Court determines that Defendants are entitled to recover attorneys' fees incurred in dealing with electronic discovery issues. Plaintiffs had the opportunity to request electronic discovery at the Federal Rule of Civil Procedure 26(f) Conference and at the Initial Scheduling Conference ("ISC"), but failed to do so (No. 169). Instead,

Plaintiffs, as discussed above, later brought various motions that the Court found lacked foundation. As a result of said motions, Defendants had to waste time and effort to oppose the motions, and Plaintiffs unnecessarily and unreasonably multiplied the proceedings. Accordingly, the Court finds that Defendants are entitled to attorneys' fees for the motions related to electronic discovery.

### 2.  Written Discovery

In compliance with the Court's ISC Order, Defendants served on Plaintiffs their first set of interrogatories and requests for production of documents.  After reviewing the responses by Plaintiffs, Defendants found said responses to fall short of what is required by the Federal Rules of Civil Procedure.  As such, Defendants provided Plaintiffs with a letter detailing their objections to Plaintiffs' responses and requesting supplemental responses.  Plaintiffs agreed to supplement their responses. However, Plaintiffs only supplemented some of their answers. Consequently, Defendants filed a motion to compel on August 7, 2009 (No. 101).  The Court granted the motion on the same day (No. 102).

Also, Defendants' interrogatory number 11 requested that Plaintiff Rodríguez notify Defendants if she had previously filed any other complaint claiming damages for employment related conduct or any other type of claim.  Plaintiffs answered by stating that they had also filed the present action in state court. While preparing to

take Plaintiff Rodríguez's deposition, Defendants learned that Plaintiff Rodríguez had filed additional claims against several organizations.[1] In response to this finding, Defendants filed a motion (No. 154) requesting that the Court order Plaintiffs to submit a copy of any answer to discovery, statements or deposition transcriptions provided in the context of the additional suits not previously disclosed.   The Court denied the request because Defendants should have requested said information through formal document requests prior to coming to the Court (No. 178).

In compliance with said Order, Defendants provided Plaintiffs with a request for production of documents related to their lawsuit against Eurobank.  Plaintiffs refused to answer the request arguing that the Court had ordered that no further discovery be conducted without leave of Court.  After discussing the matter, the parties could not come to an agreement regarding said request.  As such, on November 30, 2009, Defendants filed a motion to compel to acquire the information requested (No. 223).   The Court granted the unopposed motion (No. 230).

Lastly, on September 14, 2009, Defendants filed a motion for the Court to order Triple-S, Crownlife, and COSVI to produce copies of Plaintiff Rodríguez's medical insurance records (No. 154).  The Court granted said motion (No. 178). While reviewing the medical records,

---

1.     The organizations are Banco de Comercio, Walgreens, and Eurobank.

CIVIL NO. 09-1151 (JP)          -8-

Defendants learned that Plaintiff Rodríguez had received medical treatment from medical providers which had not been disclosed by Plaintiff during her deposition or when she answered interrogatories. After communicating with Plaintiffs, the parties agreed that Plaintiffs would provide medical authorizations for the two doctors who treated Plaintiff Rodríguez. Plaintiffs never provided said authorizations. Defendants responded by filing a motion to compel (No. 227). The Court granted the motion (No. 249) and admonished Plaintiffs for their behavior. Moreover, the Court found that awarding costs and attorneys' fees was warranted based on Plaintiffs behavior.

Based on these separate incidents, Defendants move for the Court to order Plaintiffs to pay Defendants' attorneys' fees. After considering the arguments, the Court finds that Defendants are entitled to attorneys' fees. Plaintiffs' behavior during the aforementioned instances was at the very least unreasonable. In every one of said instances, Plaintiffs had a clear duty to provide Defendants with the information requested. Plaintiffs ignored that duty and, as a result, delayed the proceedings and increased the costs of litigation by forcing Defendants to file several motions. Furthermore, Plaintiffs behavior of hiding information, such as her previous lawsuits and the doctors who had previously treated her, is inexcusable and directly contradicts the goals of the Federal Rules

CIVIL NO. 09-1151 (JP)          -9-

of Civil Procedure. Accordingly, the Court finds that Defendants are entitled to attorneys' fees for the written discovery  discussed in this section.[2]

### 3.   Third-Party Subpoenas

On October 29, 2009, Plaintiffs provided the Court with notice that it served subpoenas for production of records on the Antidiscrimination Unit of the Department of Labor of Puerto Rico, the Equal Employment Opportunity Commission and the Office of the Comptroller of the Commonwealth of Puerto Rico (No. 194).   On November 3, 2009, Defendants filed a motion for protective order regarding said subpoenas (No. 200).  Plaintiffs opposed the motion (No. 202).   After considering the arguments, the Court ordered Plaintiffs not to issue the subpoenas (No. 207).

Defendants later became aware that Plaintiffs had served a third party subpoena on a client of Defendant GDB and, as such, filed another motion for a protective order (No. 215).  Defendants argued that the subpoena was served in violation of the ISC Order and that Defendants' attorney was not notified of the subpoena.   The Court disallowed the subpoena (No. 218).

---

2.     The Court notes that Defendants filed a separate motion **(No. 273)** for attorneys' fees in connection with the Court Order at Docket 249. In light of the fact that said attorneys' fees were also requested in the instant motion and that they have been granted by the Court, the Court **FINDS AS MOOT** Defendants' motion (No. 273) in order to avoid duplicative recovery of fees.

In the instant motion, Defendants request that Plaintiffs be ordered to pay for attorneys' fees related to the unauthorized subpoenas issued by Plaintiffs.  The Court agrees with Defendants. The ISC Order was clear that no further discovery could be conducted without leave of the Court.  Plaintiffs unreasonably disregarded the Court's Order and issued the unauthorized subpoenas.  As such, Defendants are entitled to receive attorneys' fees from Plaintiffs for the work done related to the unauthorized subpoenas.

### 4.   Motion *in limine*

On September 18, 2009, Defendant GDB served Plaintiffs with a supplement to their initial disclosures consisting of affidavits taken of several GDB employees.  Plaintiffs responded by filing a motion *in limine* on September 19, 2009 (No. 165).  The Court denied the motion (No. 186).

Defendants argue that they are entitled to attorneys' fees related to the motion *in limine* filed by Plaintiffs.  After considering the argument, the Court finds that Plaintiffs should pay for the attorneys' fees incurred by Defendants in relation to said motion.  In the Order resolving the motion, the Court found that Plaintiffs' motion was without foundation and, as such, an award of attorneys' fees is warranted.

CIVIL NO. 09-1151 (JP)          -11-

### B.    Wage Discrimination Claims

Plaintiffs brought wage discrimination claims in the instant case.  In their motion for summary judgment, Defendants argued that there was no evidence to support a wage discrimination claim. Plaintiffs presented no evidence to oppose the arguments and evidence introduced by Defendants.  After examining the record, the Court determined that there was no evidence supporting a wage discrimination claim because the GDB employees that Plaintiff Rodríguez compared herself to did not hold substantially similar positions.

Defendants argue that Plaintiffs' decision to bring the wage discrimination claims and, at the same time, make absolutely no effort to establish the merits of the claim warrants the imposition of attorneys' fees.  The Court agrees.  Plaintiffs' failure to even attempt to present evidence of their wage discrimination claims shows that the claim was completely baseless.  Accordingly, the Court finds that Defendants are entitled to attorneys' fees for the wage discrimination claims.

### C.    Section 1983

Plaintiffs also brought claims pursuant to Section 1983 based on alleged violations of the Equal Protection Clause and Due Process Clause.  In their summary judgment motion, Defendants challenged the validity of these claims by presenting evidence.  Plaintiffs again

CIVIL NO. 09-1151 (JP)          -12-

did not oppose the arguments or evidence.  After considering the evidence before it, the Court determined that there was no evidence to create a material issue of fact regarding Plaintiffs' Section 1983 claims.

After considering the arguments raised by Defendants, the Court finds that Defendants are entitled to attorneys' fees for the Section 1983 claims.  Plaintiffs brought Section 1983 claims and again failed to provide any evidence to support said claims. Plaintiffs failure to even present evidence as to their Section 1983 claims shows that the claims were frivolous.

### D.   Claims Against Individual Defendants

In the instant case, Plaintiffs also brought claims against the individual Defendants for ADEA and Title VII violations.  Defendants challenged said claims in their motions of summary judgment.  In its Opinion and Order, the Court determined that said claims lacked merit because the ADEA and Title VII do not provide for individual liability.

After considering the arguments, the Court finds that Defendants are entitled to attorneys' fees incurred in defending the ADEA and Title VII claims brought against the individual Defendants.  As established in the Opinion and Order, the ADEA and Title VII do not provide for individual liability.  Moreover, Plaintiffs failed to even oppose the arguments put forth by Defendants in their motion for

CIVIL NO. 09-1151 (JP)          -13-

summary judgment.  As such, the Court finds that Plaintiffs claims
against individual Defendants were frivolous.

IV.  **CONCLUSION**

The  Court  hereby  **GRANTS**  the  motion  for  attorneys'  fees.
Plaintiffs  are  hereby  **ORDERED**  to  pay  Defendants  **$41,416.25**  in
attorneys' fees.[3]  Plaintiffs **SHALL** pay said attorneys' fees on or
before **May 10, 2010.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of April, 2010.


                              s/Jaime Pieras, Jr.
                              JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE

---

3.   After considering the arguments by Defendants, the invoice for attorneys' fees
     and the sworn statement by Lizette Vélez-Rivé (No. 272), the Court finds that
     the rates charged by Defendants' attorneys are reasonable.  Blum v. Stenson,
     465 U.S. 886, 895 n.11 (1984).